## Sarah A. Thomas, Appellant, *v.* Philip Miller, Ex'r of Richard Elliott.

[Marked to be reported.]

*Evidence—Competency of witness—Party dead—Act of June 11, 1891.*

The act of June 11, 1891, § 1, P. L. 287, relating to the competency of witnesses when a party is dead, applies to conversations or to events transpiring between, or in the presence or hearing of the witness and the other parties, and not to mere physical facts, or to states of fact described by the other witnesses in their testimony.

The act was not intended to confer general capacity to testify to anything simply because it would be contradictory to the testimony of some other witness.

*Evidence—Declarations—Contract.*

In an action by a niece against the estate of her deceased uncle to recover under a contract alleged to have been made with her uncle, declarations of the plaintiff made prior to the death of her uncle as to the existence of the contract, are inadmissible.

Argued Oct. 8, 1894. Appeal, No. 35, Oct. T., 1894, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1890, No. 73, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue to determine the validity of a judgment entered on a judgment note. Before RAYBURN, P. J.

At the trial it appeared that plaintiff was a niece of Richard Elliott, deceased. Plaintiff claimed that the note upon which judgment was entered, had been given to her in payment for services. Defendant claimed that the signature to the note had been forged. Samuel Thomas, a witness for plaintiff, testified that the note was taken by decedent from a drawer in a

stand in a room in decedent's house; that the note was filled up by plaintiff, and signed by Richard Elliott in the presence of the witness. The witness also described in detail the furniture of the room. A. J. Elliott, a witness for defendant, and other witnesses contradicted the testimony of Samuel Thomas as to the furniture and appearance of the room.

When plaintiff was on the stand the following offers were made:

Mr. McCain: Miss Thomas, you have heard Mr. Elliott and Mrs. Elliott testifying about this long room at Richard Elliott's house; they have stated it was not furnished or used as a bed-room at any time,—how is that? Mr. Patton: That is objected to as incompetent, the witness being interested, and Richard Elliott being dead. Objection sustained and exception.

Mr. Leason: We propose to prove by the witness on the stand, Miss Sarah Thomas, the contents of the room described as the long room, for the purpose of contradicting A. J. Elliott and others who were heretofore called. Objected to, first, because it is incompetent; second, because it is not proposed to prove anything that occurred between the witness and another party living, or in the presence or hearing of another party. Objection sustained and exception. [1]

Mr. McCain: Miss Thomas, you have heard the testimony of Mrs. A. J. Elliott in which she stated that she had waited upon your aunt in her last illness, and was there, and that you were not there as a nurse or waiting upon her,—how is that? Mr. Patton: We object to it as incompetent, except the part that occurred with and in the presence of Mrs. A. J. Elliott. The Court: Confine yourself to that. Mr. Leason: We propose to prove, by the witness, who went and took care of Mrs. Richard Elliott in her last sickness, and also the length of time that she remained at the house of Richard Elliott from 1877 until 1887, for the purpose of contradicting A. J. Elliott and Mrs. Melinda Elliott. Mr. Patton: We object to the witness as incompetent to testify to anything, except what occurred between her and another living witness or in the presence and hearing of another witness called on our side. Objection sustained and exception. Mr. Leason: The witnesses Melinda Elliott and A. J. Elliott having testified to their presence at the house of Richard Elliott during the last sickness of Mrs. Rich-

ard Elliott, we propose to interrogate the witness as to their presence and what occurred at the house of Richard Elliott during the last sickness of Mrs. Richard Elliott, for the purpose of contradicting A. J. Elliott and Melinda Elliott. Mr. Patton : We object to the witness testifying to anything except what occurred between her and A. J. Elliott and Mrs. Melinda Elliott in their presence or hearing. Objection sustained and exception. [2]

Mr. Leason : We propose to prove by the witness on the stand that the testimony of A. J. Elliott as to the inability of Richard Elliott to open the door is not correct. This for the purpose of contradicting A. J. Elliott. Mr. Patton : We object to the witness testifying to anything except what occurred between her and some living witness or in their presence or hearing. Objection sustained and exception. [3]

Mr. Leason : We propose to prove by the witness that after the death of Mrs. Richard Elliott, the room in which she died, and in which she lay sick, was renovated and the furniture changed to some extent, among other things, that the stand described by the witnesses for the defendant was removed from the room and another square topped stand placed in its stead. This for the purpose of explaining and showing the error into which the witnesses on the part of the defendant fell, either willfully or unintentionally. Mr. Patton : That is objected to, except anything that occurred between the witness and the party already called and testifying, or in their presence or hearing. The Court : We will sustain the objection and grant you an exception. [4]

When Mrs. Agnew was on the stand she was asked : Q. Mrs. Agnew, did Sarah Thomas ever tell you of the existence of this contract ? Mr. Patton : We object to that as irrelevant, being a conversation between the witness and the plaintiff in the absence of the defendant or his representatives, and being a declaration in their favor. Mr. McCain : We propose to prove by the witness on the stand the declarations of the plaintiff in this case, for the purpose of showing the bona fide existence of the contract leading up to the signing and giving of the note in suit. This for the purpose of rebutting the testimony offered on the part of the defendants, alleging that the note is a forgery or a matter of recent date. This for the purpose of

bearing on the credibility of the plaintiff. Mr. Patton : It is objected to as irrelevant for the reason above given. Objection sustained and exception. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting bills of exception.

*M. F. Leason* and *James H. McCain*, for appellant.—The language of the act of 1891 is broad enough and undoubtedly was intended to render competent the testimony of the surviving party, to contradict the evidence of witnesses called in the interests of the representatives of the deceased party. It is unnecessary, to render the testimony competent under the act, that the witnesses should be all present in the room at the one time and there discuss the furniture. Such a construction, we think, would be too narrow and defeat the intention of the legislature. The refusal to allow plaintiff to testify created an inequality against her. The offer was within the construction of the act in Roth's Est., 150 Pa. 261.

Where an attempt is made to discredit the statement of a witness, evidence is admissible to show that the witness made said statement at another time to other parties, to show that the statement is not a fabrication of recent date, and as bearing on the witness's credibility : Hester v. Com., 85 Pa. 140 ; Zell v. Com., 94 Pa. 258 ; Henderson v. Jones, 10 S. & R. 322.

*J. P. Colter*, and *J. W. King, D. W. Patton* with them, for appellee.—Under the act of 1891 plaintiff was incompetent, as it is not pretended that the matter offered to be proved by her occurred between herself and any of the witnesses she purposed to contradict ; neither is it contended that it was any matter occurring in the presence or hearing of said witness nor of Richard Elliott, now deceased : Roth's Est., 150 Pa. 261.

Plaintiff's declarations were not proper evidence : Clever v. Hilberry, 116 Pa. 431 ; Thomas v. Miller, 151 Pa. 482.

Opinion by Mr. Justice Green, Jan. 7, 1895 :

The first four assignments of error raise but one question which is common to all. The plaintiff was offered to testify

on her own behalf in contradiction of certain witnesses who had testified for the defendant. The subject-matter of the testimony offered was proof that certain existing states of fact, such as whether a room had been used as a bedroom, what furniture was contained in a room, that the witness had acted as a nurse for Richard Elliott during a certain time, and that after the death of Mrs. Elliott the room in which she died was renovated and the furniture changed somewhat, were not as they had been described by the other witnesses, and therefore were in contradiction of their testimony. It is claimed that the witness was competent to testify as proposed under the first section of the act of 11th June 1891, P. L. 287. That act authorizes the testimony of any surviving or remaining party to any relevant matter occurring before the death of the opposite party, "if and only if such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial, against such surviving or remaining party or against the person whose interest may be thus adverse, or if such relevant matter occurred in the presence or hearing of such other living competent person." It will be observed that the subject-matter of the proposed contradicting evidence, must be something that *occurred* between the witness and another living competent person, or something that *occurred* in the presence or hearing of such other living competent person. Now the offers of contradictory proof by the plaintiff were not as to matters *occurring* between her and the other witnesses, but simply to the same matters of fact to which the others had testified, only that they were different from the description of them given by the other witnesses. The testimony was offered for the purpose of contradiction. We think the offers were not competent and that they were properly rejected by the court below. We think the act of 1891 was intended to apply to conversations, or to events transpiring between, or in the presence or hearing of the witness and the other parties, and not to mere physical facts or to states of fact described by the other witnesses in their testimony. If it were not so there would be no practical limit to the general capacity of the surviving party to testify, and the act certainly was not intended to confer general capacity to testify to anything simply because it would be contradictory to the testimony of some other witness.

We are also clearly of opinion that the fifth assignment of error is without merit. The rejected offer was an offer to prove the declaration of the plaintiff to Mrs. Agnew, her sister, "showing the bona fide existence of the contract leading up to the signing and giving of the note in suit," the purpose being to rebut the allegation of forgery. In the case of Clever v. Hilberry, 116 Pa. 431, we reviewed fully the subject of the admissibility of such declarations and held them to be incompetent in the circumstances of that case. We can see no material difference between the conditions which affected the decision in that case, and the conditions which affect the same question in this. It is the giving in evidence of the plaintiff's own declarations in her own favor that is proposed. We said there, "The declarations of a party in his own behalf are not evidence. No rule is clearer than this. We can perceive nothing in the declarations received in this case but the mere assertions made by the plaintiff as to the defendant's breaches of contract. They are her own statements of her cause of action to the witnesses who simply repeat what she told them. Certainly she cannot do this." We there pointed out the very narrow and exceptional circumstances in which this kind of testimony is admitted, and we say here, as we did there, that those ".exceptional circumstances are all wanting." Neither Zell v̇. Commonwealth, 94 Pa. 258, nor Hester v. Commonwealth, 85 Pa. 140, affords any assistance to the plaintiff's contention here.

The assignments of error are all dismissed.

Judgment affirmed.

This case was here on a previous appeal in 151 Pa. 482.