## Grove's Estate.

*Evidence—Declarations against interest—Declarations in aid of interest.*

1. The effect of declarations against interest is not to be impaired by independent declarations in aid of interest, unless the latter be made in the presence of the adverse party.

2. Where in the distribution of a decedent's estate evidence is offered of declarations made by the decedent to the effect that an indebtedness by his son to him had been paid, and that he was in the son's debt, it is not competent for the executor to prove that the decedent had made declarations at other times and to other persons, but not in the presence of the son, to the effect that the son was indebted to him.

Argued Oct. 30, 1908. Appeal, No. 197, Oct. T., 1908, by Enoch I. Grove, from decree of O. C. Huntingdon Co., dismissing exceptions to auditor's supplemental report in estate of David Grove, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to supplemental report of Howard L. Henderson, Esq.   Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's supplemental report.

*L. H. Beers* and *H. H. Waite,* for appellant.—Statements not against the interest, but in the interest of the testator, cannot be admitted in evidence for any purpose: Farmers' Bank v. Whitehill, 16 S. & R. 89; Hoak v. Hoak, 5 Watts, 80; Robert's App., 126 Pa. 102; Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Clever v. Hilberry, 116 Pa. 431.

*Richard W. Williamson,* with him *J. R.* and *W. B. Simpson,* for appellees.—The declarations of a decedent amount to nothing when confronted by the due bills of the claimant found in the hands of the decedent: Hoecker's Estate, 47 Legal Intel. 505; Harbold's Executors v. Kuntz, 16 Pa. 210.

OPINION BY BEAVER, J., February 26, 1909:

Upon the distribution of the balance in the hands of the executor of David Grove, deceased, the declarations of the decedent that notes and other evidences of indebtedness on the part of Enoch I. Grove, a son of the decedent, found by his executor among the papers of the decedent, had been paid, and that, instead of the son being indebted to him, he was indebted to the son, were given in evidence. The counsel for the executor and other heirs offered to prove that the decedent at other times, to other persons, not in the presence of the son who is the present appellant here, had made other declarations, in which he asserted that the said son was indebted to him. The testimony thus offered was received by the auditor, who was appointed to make the distribution, but on final consideration was not considered. He says in his first report in reference thereto:

"Dr. W. T. Browning, one of the executors, S. O. Fraker and George Grove were called to the witness stand for the purpose

of proving statements or declarations made to them by the testator, David Grove, that E. I. Grove owed him at the time of his death. These declarations or statements are self-serving or in favor of the interest of the decedent, and are therefore inadmissible. The testimony of Dr. W. T. Browning and S. O. Fraker is stricken out, and also that part of the testimony of George Grove, which relates to the declarations or statements made to him by the testator is stricken out. It is held in Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321, that, 'The effect of declarations against interest is not to be impaired by independent declarations in aid of interest, unless the latter be made in presence of the adverse party.' In the case at bar, E. I. Grove was not present at any of the conversations in which the decedent declared that E. I. Grove owed him. See also Appeal of Miller, 107 Pa. 221; Parry v. Parry, 130 Pa. 94; Thomas, Appellant, v. Miller, Exr., 165 Pa. 216."

In summing up the testimony in regard to the indebtedness of E. I. Grove to the decedent's estate, the auditor says: "The preponderance of testimony, consisting of the declarations and admissions of David Grove, the testator, and the other facts and circumstances, clearly establish to our satisfaction that the notes, in question, which were given by E. I. Grove to his father, David Grove, are paid, and that E. I. Grove is not indebted to the estate."

Upon exceptions to the finding of the auditor, based upon the auditor's refusal to consider the testimony in regard to the declarations of the decedent as to the indebtedness of E. I. Grove to him, the court below, in its opinion disposing thereof, said: "The testimony of Dr. W. T. Browning and S. O. Fraker was to the effect that David Grove shortly before his death told them that Enoch I. Grove was indebted to him. The evidence of the indebtedness of Enoch I. Grove consisted of a note dated June 19, 1883, for sixteen hundred dollars ($1,600), another note dated January 23, 1893, for one thousand dollars ($1,000). This note of January 23, 1893, was given by Enoch I. Grove and George Trexler to David Grove to secure the said David Grove for having indorsed or become surety for them to one Charles Broadway Rouss. The third evidence of indebted-

ness is a note dated June 25, 1894, for two thousand dollars ($2,000), signed by Enoch I. Grove. This note, from the evidence, was given to secure David Grove who indorsed a note to the Union Bank of Huntingdon, which the executors paid after his death, the said Enoch I. Grove having received said sum of two thousand dollars ($2,000). The testimony of Enoch I. Grove was taken and considered by the auditor. In his testimony he contends that, on or about April 18, 1887, Enoch I. Grove sold to David Grove his father a farm, and the testimony of Enoch I. Grove is that David Grove never paid the consideration money. This testimony was taken by the auditor and, upon this testimony, he finds that the consideration money in said deed was not paid. This we think was error and it is not sufficient to overcome the presumption that the consideration money was paid at the time of the delivery of the deed, the same having been in the possession of David Grove ever since. We also think that the auditor erred in not considering the testimony of W. T. Browning and S. O. Fraker after having first heard and considered the testimony on the part of Enoch I. Grove, to the effect that his father, David Grove, was indebted to him and not he to his father. We think it was evidence. If for no other purpose, it should have been considered in the light of the evidence produced by Enoch I. Grove."

It was said in Galbraith et al. v. Green et ux., 13 S. & R. 85, by Mr. Chief Justice TILGHMAN (p. 92): "Many witnesses were examined by the defendant to prove that B. Galbraith had, at various times, both before and after his marriage, declared that he had given the land to his son Samuel; after which the plaintiffs offered to prove, 'the declarations of the said B. Galbraith made to different persons, behind the back, and without the knowledge of his son Samuel, before his marriage with the plaintiff, and when he had it in contemplation, and after his said marriage, that he had not given the land to his said son Samuel.' To this evidence the defendants objected, but the court admitted it, on which, an exception was taken to their opinion. The declarations of B. Galbraith that he had given the land to his son were admitted without objection. And if, in the same conversation, he had made explanations, or counter

declarations, they also would have been evidence; because, it is not fair, to take but part of what a man has said. But that was not the kind of evidence which was offered by the plaintiffs. As I understand the bill of exceptions, it was evidence of other, distinct declarations, made by the father, in the absence of the son. What a man says against his own interest, may be safely believed; but it is not safe to credit him, where he is advocating his interest. Upon this principle the rule of evidence is founded —a man's confession, against himself, is evidence, but his declarations in favor of his own interest are not evidence. When B. Galbraith said that he had given the land to his son, he spoke against his own interest, but when he denied it, he spoke in his own favor." The principle here stated has become an established rule of evidence and, for the reasons therein stated, should not be departed from.

The report of the auditor was set aside and the case referred back to him, with directions to find that the said Enoch I. Grove was not entitled to any part of the estate of his father. Such a report was made, excepted to by the appellant here but, on the consideration of the exceptions, the report was confirmed. The appeal here is from the decree confirming this report which, of course, brings up the exceptions to the final report, which involved the consideration of the previous report of the auditor and the grounds upon which his findings were set aside. We are very clearly of the opinion that the testimony of the executor and Fraker, the witness who testified to the declarations of the decedent, in the absence of the appellant here, not being a part of the declarations or conversations with others, in which he admitted that he was indebted to his son, were not proper evidence and should have been excluded or disregarded, as the auditor finally did disregard them. We do not find, upon examination of the testimony, that there was sufficient evidence, independently of the testimony of these witnesses who testified to the declarations of the decedent as to the indebtedness of his son, the appellant, which would establish such indebtedness, particularly in view of the fact that the auditor found that: "The preponderance of testimony consisting of the declarations and admissions of David Grove, the testator, and

the other facts and circumstances clearly establish to our satisfaction that the notes in question which were given by E. I. Grove to his father, David Grove, are paid, and that E. I. Grove is not indebted to the estate."

As to the testimony of Enoch I. Grove, we do not understand from the opinion of the court that he held said Grove incompetent as a witness. He certainly was competent, for even if under clause e of sec. 5 of the Act of May 23, 1887, P. L. 158, he could have been held incompetent, being called as to this part of the case as upon cross-examination by the appellee, it would have made him "a fully competent witness for either party," under sec. 6 of said act. If the ruling of the auditor as to the payment of the purchase money of the farm purchased by David Grove from his son, the witness, had depended upon his testimony alone, there might have been force in the ruling of the court below that it was "not sufficient to overcome the presumption that the consideration money was paid at the time of the delivery of the deed, the same having been in the possession of David Grove ever since." However, the declarations of David Grove as to the fact that his son was not indebted to him and all the facts bearing thereon were to be considered in connection with this testimony, and the auditor bases his final conclusion upon "the preponderance of testimony, consisting of the declarations and admissions of David Grove, the testator, and the other facts and circumstances." The testimony, being believed by him, we think warrants his conclusion.

There are many assignments of error, but it is unnecessary, in view of what has been said, to consider them in detail, inasmuch as what has been said disposes of the principal point in the case and necessarily reverses the decree of the court below.

We are, therefore, of opinion that the supplemental report, in which there was a denial of any participation in the balance by the appellant, E. I. Grove, should not have been confirmed and that the original report should have been confirmed, at least as the case stood at the time of the finding of the auditor. The decree of the court below, therefore, in confirming the supplemental report, is reversed and set aside, and the original report is reinstated and confirmed, costs to be paid by the appellee

unless for cause other than shown in the exceptions filed thereto. The record is remitted to the court below, in order that the directions herein contained may be carried into effect, the costs to be paid by the appellee.