# King, Appellant, v. King.

*Deed—Consideration furnished by one—Deed made in name of another—Trust and trustees—Presumption—Evidence—Declarations.*

1. Where the consideration for the purchase of real estate is furnished by one person, but the title is taken in the name of another, the consideration creates a prima facie resulting trust in favor of the person furnishing it.   The presumption of a trust may be overcome by parol evidence.

2. Admissions of the person furnishing the consideration that he owed the money to the grantee named in the deed, and that the property was given in payment thereof, are admissible to rebut the presumption of a trust.

3. But declarations made on other occasions to the effect that the property was his, are self-serving, and not admissible, if they were not made in the presence of the other party to the controversy.

4. While ex parte declarations of one in possession of land are sometimes competent as indicating his state of mind or the character of his possession, as that he held adversely, yet they are not competent as tending to prove actual title in him at the time.

5. Where a person furnishes the consideration for a deed, but the deed is made in the name of another, evidence that, at about the same time, the person furnishing the consideration, bought other properties to which he took title in his own name, is admissible to support a claim that the property in question was given to the grantee named in the deed in payment of a debt.

*Equity—Findings of fact by chancellor—Appeals.*

6. Findings of fact by a chancellor and the court in banc will not be reversed on appeal merely because the facts might have been found otherwise.

Argued October 14, 1924. Appeal, No. 112, Oct. T., 1924, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1923, No. 1236, dismissing bill in equity, in case of Annie M. King v. William M. King. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill to declare a trust in real estate. Before Macfarlane, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Charles A. O'Brien,* with him *Henry Meyer,* for appellant, cited: Strimpfler v. Roberts, 18 Pa. 283; Warren v. Steer, 112 Pa. 634; Zimmerman v. Barber, 176 Pa. 1; Pollack v. Ray, 85 Pa. 432; Walls's App., 111 Pa. 460; Fry's Est., 229 Pa. 473; Asam v. Asam, 239 Pa. 295.

*John M. Freeman,* of *Watson & Freeman,* with him *F. R. Harbison,* for appellee, cited: Parry v. Parry, 130 Pa. 94; Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Byers v. Byers, 208 Pa. 23; Lyons v. Lyons, 206 Pa. 13; Keller v. Over, 136 Pa. 1; Olinger v. Shultz, 183 Pa. 469; Brickell v. Earley, 115 Pa. 473.

Opinion by Mr. Justice Walling, December 1, 1924:

On March 17, 1909, Charles Roehrig conveyed to the defendant, William M. King, a house and lot situate on the corner of Baum Boulevard and Woodworth Street, Pittsburgh. The property was bought and the consideration therefor ($5,000) paid by defendant's brother,

Eugene T. King, at whose instance the deed was made to William. Eugene occupied the property by himself and tenants and paid the taxes thereon until he died, intestate, in August, 1922. He left surviving, a widow, Annie M. King, also a father and collateral heirs, but no children. The widow filed this bill to have William declared a trustee of this property for the use of those entitled to Eugene's estate under the intestate laws.

The answer admits the purchase of the property and payment of the consideration, as stated in the bill, but avers that by agreement the property was conveyed to defendant in payment of an existing indebtedness due him by Eugene and not in trust. A replication was filed and testimony taken. The chancellor found the facts as averred by defendant and, in due course, a final decree was entered dismissing the bill; plaintiff has appealed.

The deed is absolute and apparently vests the equitable as well as legal title in defendant; but the fact that Eugene paid the consideration created a prima facie resulting trust in his favor (Asam v. Asam, 239 Pa. 295; Casciola v. Donatelli, 218 Pa. 624; Warren v. Steer, 112 Pa. 634; Lynch v. Cox, 23 Pa. 265); which could be overcome, however, by parol evidence: Warren v. Steer, supra. For that purpose defendant offered testimony to the effect that Eugene was indebted to William and that the property was given in payment thereof, as averred in the answer. In connection therewith evidence of Eugene's admissions, in support of defendant's contention, was properly admitted as declarations against interest (Reed v. Dickey, 1 Watts 152; see Cornman's Est., 197 Pa. 125); but his declarations on other occasions, to the effect that the property was his, were self-serving and, not being made in the presence of defendant (to whom title had passed by deed, and under whom Eugene was holding possession), proof thereof was rightly excluded: Parry v. Parry, 130 Pa. 94, 104; Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Grove's Est., 38 Pa. Superior Ct. 424; Park v. Park, 39 Pa. Su-

perior Ct. 212.   While ex parte declarations of one in possession of land are sometimes competent as indicating his state of mind or the character of his possession, as that he held adversely, yet they are not competent as tending to prove actual title in him at the time, otherwise a party in possession might talk away the title of the rightful owner.   See Baldwin v. Stier, 191 Pa. 432; Appeal of Miller, 107 Pa. 221; Clever v. Hilberry, 116 Pa. 431; Thomas v. Miller, Exr., 165 Pa. 216.

Near the time the property in suit was conveyed to defendant, Eugene bought four other parcels of land and took title thereto in his own name.   This was a competent circumstance as tending to show the absence of any reason for placing the property in suit in William's name, if Eugene was the real owner.   See Zimmerman v. Barber, 176 Pa. 1.

The evidence tending to rebut the presumption of a trust, while not conclusive, was sufficient for the chancellor to pass upon.   Appellant calls our attention to Fry's Est., 229 Pa. 473, where we affirm the orphans' court in rejecting the claim of a creditor, supported by proof similar to that offered by appellee in the instant case. In the Fry Case, however, the testimony was discredited by the auditor and orphans' court, while here it was credited by the chancellor and court in banc, and we cannot reverse the decree merely because the facts might have been found otherwise.

The decree is affirmed and appeal dismissed at the cost of appellant.