## Amey's Appeal.    Hipwell's Estate.

*Implied assumpsit for services rendered, what relationship will rebut.—
That of father-in-law and son-in-law not sufficient unless aided by
facts inconsistent therewith.*

Though the relationship of father-in-law and son-in-law is not, in itself,
sufficient to rebut the presumption of a promise to pay for services rendered,
yet where a father-in-law went, with his two sons, to live upon a small farm
bought by his son-in-law, partly for a home for them, and there remained
until the death of the son-in-law, domesticated, and occupying the house as a
part of the family; the father and sons being clothed, and the sons and
daughter educated at the expense of the son-in-law, who was for the greater
part of the time absent: and no debit and credit account was kept nor any
contract made by the son-in-law to pay his father-in-law for services, nor
liability therefor admitted by him: these facts were held sufficient to rebut
the presumption that there was an understanding that one was to pay and
the other to receive compensation for services rendered.

APPEAL from the Orphans' Court of *Philadelphia.*

This was an appeal by John W. Amey from the decree of the
Orphans' Court confirming the auditor's report on the account
of Enoch Rex, administrator of Patrick Hipwell, deceased. The
main point in controversy before the auditor, was a claim pre-
sented by the appellant amounting to $1725.50, for the labour
of himself, two sons, and a horse, from September 1st 1858 to
October 2d 1862, and for sundry goods furnished for use of
deceased. The auditor, William Badger, Esq., decided against
the claim for reasons set forth in an elaborate report, and the
Orphans' Court, on exceptions filed, confirmed the report, which
was the error assigned. The appellant was the father-in-law of
deceased. The facts on which the claim rested will be found in
the opinion of this court.

*F. Carroll Brewster*, for appellant.

*John G. Johnson, John B. Colahan*, and *William L. Hirst*,
for appellees, viz. the accountant, distributees, and creditor.

The opinion of the court was delivered, February 16th 1865, by
STRONG, J.—The legal presumption of a promise to pay,
when personal services are rendered by one to another, is more
easily rebutted when the services are rendered by a relative than
when they are performed by a stranger. True, the relationship
of father-in-law and·son-in-law is not of itself sufficient to rebut
the presumption, but the facts found by the auditor, aided by
that relationship, are enough. It is difficult to account for them
upon the supposition that the appellant and the decedent con-
templated standing in the relation of creditor and debtor, one to
the other.

[Amey's Appeal.]

The appellant had no property. He went to the farm of his son-in-law, taking with him his family—two minor children. He remained there more than four years, until the death of the son-in-law, domesticated in the household, and occupying the house as a part of the family. Himself and his two sons during all that time were clothed, and the sons were educated at the expense of Mr. Hipwell, the son-in-law, and a third child, a daughter, was also educated at the expense of the same son-in-law. No debit or credit account was kept by either of the parties. No express contract appears to have been made. No recognition of liability by Mr. Hipwell, or assertion of right by the appellant. No demand of compensation, either in whole or in part, appears to have been preferred during the life of the decedent; and the farm itself was purchased with the prominent object of providing a home for the appellant and his family. Surely this was enough to rebut the presumption, that the parties understood the one was to pay and the other to receive compensation for services rendered, in addition to being boarded, clothed, and provided with a home, and means of education for the minor children. It was enough to show that the relation of master and hired servant was not contemplated. At all events we cannot say the auditor was so clearly wrong in his finding of the fact, as to justify us in reversing his decision.

The decree is affirmed.