## Brady *versus* Reed *et al.*

Where an action is brought against three partners, one of whom subsequently dies, and his death having been suggested, his executors are substituted in his place, the plaintiff is not a competent witness as to anything which occurred during the lifetime of the deceased partner, although the latter may have personally taken no part in the contract upon which the suit was brought.

May 8th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Lancaster county* : Of May Term 1878, No. 137.

Assumpsit by John Brady against John K. Reed, Amos S. Henderson and Isaac E. Hiester, partners trading as Reed, Henderson & Co. Plea, non-assumpsit.

John K. Reed, Amos S. Henderson and Isaac E. Hiester, in the spring of 1868, were doing business in the city of Lancaster, as bankers, under the firm name of Reed, Henderson & Co. Brady, the plaintiff below, alleged that on March 12th 1868, he left on the counter of their banking-house a check on the Lancaster County Bank for $550, without a date, and that this check was appropriated by Reed, Henderson & Co., they receiving the proceeds without paying value. Reed, Henderson & Co. alleged that they, as a pure accommodation, cashed the check for Brady, on April 1st

1868, giving him the money.   Brady brought suit against the firm in September 1869.   Isaac E. Hiester died in February 1871.   In October 1877, the death of I. E. Hiester was suggested, and his executors substituted.   The case was then tried, and Brady, having offered himself as a witness, was rejected by the court, Livingston, P. J.

This was among the errors assigned by Brady, who took this writ.

*H. C. Brubaker*, for plaintiff in error.—The offer of plaintiff was a special one, and proposed to confine his testimony exclusively to what occurred between plaintiff and the active partners of the firm, Reed and Henderson, and not to anything which concerned Hiester, who while a member of the firm did not transact its business, but was engaged in other pursuits.   Such a special offer, we contend, is not within the proviso of the Act of April 15th 1869.   Hiester, if living, could not have testified to the transaction which did not occur in his presence, and both the reason and spirit of the proviso is defeated if the ruling of the court below is sustained : Hanna *v.* Wray, 27 P. F. Smith 31.

*D. G. Eshleman, E. H. Yundt, George Nauman* and *B. F. Eshleman*, for defendants in error.—The admission of the testimony of Brady would have been in conflict with all the decisions interpreting the Act of 1869 : Eilbert *v.* Finkbeiner, 18 P. F. Smith 243 ; Hanna *v.* Wray, 27 Id. 27.   But if it be said that the surviving partners are parties to this suit, and that the action is also against them, the answer is that I. E. Hiester in this case is a dead assignor of the thing or contract in action, and the surviving partners stand in his place, " clothed with all his rights, and therefore entitled to all his knowledge as a witness :" Standbridge *v.* Catanach, 2 Norris 368 ; Gardner *v.* McLallen, 29 P. F. Sm'th 398.   See also Crouse *v.* Staley, 3 W. N. C. 83, and Noble *v.* Mortimer, 4 Id. 300, where the point in this case was ruled.

Mr. Justice MERCUR delivered the opinion of the court, May 20th 1878.

This action was brought against three persons as partners. More than a year thereafter one of the defendants died.   Before trial his death was suggested, and his executors substituted.

Prior to the Act of 22d March 1861, the suit should have continued against the survivors only ; but under that act, the executors were correctly substituted, and thenceforth it proceeded against the executors of the decedent, and the survivors jointly: Dingman *v.* Amsink, 27 P. F. Smith 114.

In Taylor *v.* Kelly, 30 P. F. Smith 95, it was said "a true enforcement of the statute of 1869, requires us to hold that it means what it says, when it declares ' this act shall not apply to

[Brady *v.* Reed.]

actions by or against executors, administrators or guardians.'" There the action was brought against an executor, and we held the act did not apply. In Eilbert *v.* Finkbeiner, 18 P. F. Smith 243, the action was commenced between parties in their own right. The defendant died and his administrator was substituted. On a subsequent trial the surviving party was offered as a witness, and rejected by the court. In affirming that rejection, Mr. Justice SHARSWOOD said, "the plaintiff was clearly an incompetent witness against the administrator defendant." Hence the rule of exclusion applies as well to cases where one of the parties has died after suit commenced, as to those in which he had died before. The condition of the parties at the time the witness is called, controls the question of competency. This, however, is not the only class of cases in which the statute declares the party to be an incompetent witness. It extends to cases " where the assignor of the thing or contract in action may be dead." Hence it was said, in Karns *v.* Tanner, 16 P. F. Smith 297, that when a party to a thing or contract in action is dead, and his rights have passed, either by his own act or that of the law, to another who represents his interest in the subject of controversy, the surviving party to that subject shall not testify to matters occuring in the lifetime of the adverse party." It was held in Hanna *v.* Wray, 27 P. F. Smith 27, that by the death of one defendant, his rights and liabilities, by operation of law, devolved upon the surviving partner, who was a co-defendant. It is true, in that case, the offer was to prove by the plaintiff, a transaction with the defendant, who had since died, and the question was reserved whether it was competent for the plaintiff to testify to matters occurring between him and the surviving partner. It was there said by Chief Justice AGNEW, that in the settlement of the partnership account of the surviving partner, with the legal representative of the decedent, the former would be entitled to a credit for the payment of the judgment recovered against him as surviving partner, unless it could be shown the judgment was recovered through his collusion, or fraud, or his gross neglect. The question thus reserved in Hanna *v.* Wray, was decided in Crouse *v.* Staley, 3 W. N. C. 83. That was a case brought by Crouse against Staley and wife. Before trial, Mrs. Staley died, and her administrator was substituted. The court below permitted Staley to testify in regard to transactions which occurred during the life of Mrs. Staley. This was assigned for error. In reversing the case it was said, the equality of the parties was gone in respect to their ability to testify. It was therefore held, that neither Crouse nor Staley were competent. The transaction sought to be proved by each occurred during the life of Mrs. Staley. It is not the extent of the interest of the estate of the decedent in the contract that excludes the surviving parties to that contract. If such an interest devolved on the survivor, as to charge the estate of the decedent,

6 NORRIS—8

with a liability on the judgment, the rule applies. It was well said in Hanna *v.* Wray, *supra*, "nor can it make any difference that it was only one-half of the subject of controversy that thus devolved on the survivor." So the devolution of one-third, or any lesser part of the subject in controversy, on the survivors, works the same effect. It was also held in Kimble *v.* Carothers, 3 W. N. C. 88, that "a living party shall not be heard to prove a claim against the estate of a decedent, who was also a party to the contract or transaction, whose lips are now sealed." In Pratt *v.* Patterson, 3 W. N. C. 161, and again in Evans *v.* Reed, 4 Id. 301, we held that a surviving party was not competent to testify to matters which transpired during the life of a deceased party. It matters not that the offer be to prove a contract with the partner who is still living, when the effect is to charge the estate of the one who is dead. Although he may not personally have participated in the making of the contract, yet it does not follow, that if living he could not have testified to the fulfilment of it, or a subsequent release or discharge therefrom. Hence it follows in reason and on authority, that if Heister's executors had not been substituted, the plaintiff was not competent to testify to any transaction which occurred during the life of the decedent. By the substitution, the letter and reason of the statute unite in sustaining the ruling of the learned judge. The second assignment presents no cause for complaint by the plaintiff in error.

Judgment affirmed.