## JAMES SUTHERLAND v. WILLIAM ROSS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided March 2, 1891.<br>[To be reported.]

1. When the defendant in ejectment claims under a deed purporting to be signed and acknowledged by the plaintiff and his wife, and to convey the land in dispute to a deceased assignor of the defendant, neither of the alleged grantors is a competent witness to testify that the signatures appended to the deed are forgeries, and the certificate of acknowledgment untrue.
2. This is so, even though the deceased grantee in the deed was not present at its alleged execution, but was represented by an agent who is alive and competent to testify to the whole transaction; as clause (*e*), § 5, act of May 23, 1887, P. L. 158, applies, not only to transactions with a deceased party to the thing or contract in action, but to any matter occurring before his death.
3. The identity of interest between husband and wife is such that where one of them is incompetent to testify, either as being the surviving party to the thing or contract in action, or as being a person whose interest is adverse to the right of a deceased or lunatic person therein, which has passed to and is represented by a party on the record, the other is incompetent also : Bitner v. Boone, 128 Pa. 567.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 146 January Term 1891, Sup. Ct.; court below, No. 97 June Term 1889, C. P.

On April 23, 1889, James Sutherland brought ejectment against William Ross, for a messuage and lot of ground in the borough of West Conshohocken, fronting 20 feet on Cedar street. Issue.

At the trial, on October 15, 1890, the plaintiff showed title by deed from William Davis, Sr., to Nicholas F. Dager, dated April 6, 1871, and deed from Nicholas F. Dager and Elizabeth his wife, to James Sutherland, the plaintiff, dated March 11, 1874. Having shown the defendant's possession, the plaintiff rested. The defendant then put in evidence the record of a deed dated February 14, 1877, purporting to be signed and sealed by the plaintiff and Agnes Sutherland, his wife, and witnessed by Mary Nugent and William Haywood; certified in due form to have been acknowleged before William Haywood, justice of the peace, and purporting to convey the premises in controversy to Nicholas F. Dager, in consideration of $1,000; also a deed from Nicholas F. Dager and Elizabeth, his wife, to the defendant, dated April 3, 1887, for the same property.

In rebuttal, the plaintiff was called, and his counsel proposed to show by him that the signature, purporting to have been made by the witness to the deed dated February 14, 1877, was a forgery. The defendant's counsel, asking that the witness be sworn upon his voir dire, to ascertain whether he was a competent witness, he was so sworn, and testified that Dager, to whom the deed in question purported to convey the property in controversy, was dead. Thereupon the defendant objected to the offer.

Plaintiff's counsel: We offer to prove by this witness, not a forgery committed by Mr. Dager, but to prove that Mr. Dager employed William Haywood, justice of the peace, as his agent, on February 14, 1877, to prepare and obtain from James Sutherland and his wife a conveyance, in consideration of the payment of the sum of $1,000, of the premises in controversy; and, while in that employment, the agent Haywood prepared or had prepared a deed dated the fourteenth day of February, purport-

ing to be signed by James Sutherland and his wife, and witnessed by Mary Nugent and William Haywood, and purporting to be acknowledged by William Haywood, justice of the peace ; and that no such deed was signed by the witness or his wife, or by Mary Nugent, as witness, or acknowledged by Mr. Haywood, justice of the peace.*

Defendant objects.

By the court : Objection sustained ; exception.[1]

Mary Powell, formerly Mary Nugent, the person whose name appeared upon the deed as a subscribing witness, testified for the plaintiff that the attesting signature upon the deed looked like hers, but that she had signed with a pencil, and not with ink, as the signature in question was written ; that the paper attested in pencil was smaller than the deed, and she was told at the time that it was an agreement ; that Mrs. Sutherland did not sign or acknowledge the paper, and that the only persons present, besides the witness, were the plaintiff, his wife, Justice Haywood, and some small children. The witness stated, also, that the occasion referred to in her testimony was the only one on which she had ever signed her name to any legal document.

Agnes Sutherland having been then sworn, and having testified that she was the wife of the plaintiff, plaintiff's counsel offered to prove by the witness that the certificate of Justice Haywood attached to the deed of February 14, 1877, that he examined her separate and apart from her husband and that she knew the contents of the deed and had attached her signature thereto, was false.

Objected to : 1. So far as the husband was incompetent, his wife was incompetent ; 2, the testimony is irrelevant, because it cannot affect this suit one way or the other ; 3, we being bona fide purchasers for value, had a right to rely upon the certificate, and having relied upon it, the question cannot be raised.

By the court : Objection sustained ; exception.[2]

Q. Do you remember the occasion in February, 1877, when Squire Haywood, Mrs. Mary Nugent, your husband and your-

---

*Justice Haywood was alive and present at the trial, and had been called as a witness in the plaintiff's case in chief.

Arguments.

self, were present at your residence in Richmond street, Philadelphia?

Mr. Childs: What does he offer to prove?

Mr. Arundel: I propose to ask the witness, whether she was present during the whole time that day, that Justice Haywood was present. I will follow this up by asking the question, whether or not, she was present all the time Justice Haywood was present. I want to show she was present, and I want to ask her whether, while she was present, $1,000, or any sum, was paid by Mr. Haywood, or anybody else, on behalf of this grantee, to her husband, as a consideration for what purports to be this deed.

Defendant objects.

By the court: Objection sustained; exception.[3]

After further testimony, the court, SWARTZ, P. J., submitted the case to the jury, who rendered a verdict for the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1–3. The refusal of plaintiff's offers.[1 to 3]

*Mr. John M. Arundel,* for the appellant:

1. Although afterwards enjoying the fruits of the forged deed, Dager personally was not a party to the forgery; and indeed, there is no evidence that he knew, at the time he received the deed, of the fraud practiced by his agent. It is but fair to assume that he placed the $1,000 consideration money in the keeping of his agent, expecting that the latter would by proper deed obtain the title for him. It is clear that he was not physically a party to the transaction. It was wholly consummated in his absence. If living, he could not give a particle of testimony respecting it, other than hearsay. Does his death exclude the plaintiff from testifying to a transaction with his agent, in his absence? It is submitted that neither the act of April 15, 1869, P. L. 30, nor the act of May 23, 1887, P. L. 158, contemplates such exclusion. In excluding the surviving party when the other is dead, they obviously refer to the death of a person who actually took part in the transaction, as one of the contracting parties. The death of Dager produced no inequality, as, if living, he could not have uttered a syllable to contradict the plaintiff. The case is therefore not within

the reason of the excluding proviso of the statute, which does not apply: Van Horne v. Clark, 126 Pa. 411; Karns v. Tanner, 66 Pa. 297; McClelland v. West, 70 Pa. 183; Hess v. Gourley, 89 Pa. 195; Hostetter v. Schalk, 85 Pa. 220; Gamble v. Hepburn, 90 Pa. 439; 1 Whart. Ev., §§ 467, 470, 476; Brown v. Brightman, 93 Mass. 226; Hildebrandt v. Crawford, 65 N. Y. 107; Wheeler v. Arnold, 30 Mich. 307; Ward v. Ward, 37 Mich. 253.

2. The proposed testimony of Mrs. Sutherland was only corroborative of that already given by Mrs. Powell. Why then was it rejected? None of the objections urged against the competency of the plaintiff apply in the remotest degree to the offers made when his wife was upon the stand. She was not asked whether her signature was a forgery. The questions addressed to her were confined solely to the acts of the magistrate. Surely, it is competent for the wife of a grantor, whether the grantee be living or dead, to testify as to the fraudulent act of the magistrate in falsely certifying that she acknowledged the deed. On a question of fraud of this character, great latitude is allowed, and if there is any evidence to show the fraud it should be submitted to the jury: Heeter v. Glasgow, 79 Pa. 83; Cover v. Manaway, 115 Pa. 338; Jamison v. Jamison, 3 Wh. 457; Hall v. Patterson, 51 Pa. 289; McCandless v. Engle, 51 Pa. 309; Williams v. Baker, 71 Pa. 476. The offer was to prove a fraud on the part of the magistrate alone, not open to contradiction by Dager, as he was not present, his absence being proved before this offer was made. For the same reason, the offer to show that no money was paid by Justice Haywood should have been admitted.

*Mr. Louis M. Childs* (with him *Mr. Montgomery Evans* and *Mr. George N. Corson*), for the appellee:

1. The plaintiff was an incomplete witness under clause (*e*), § 5, act of May 23, 1887, P. L. 158: Parry v. Parry, 130 Pa. 98; Foster v. Collner, 107 Pa. 305; Adams v. Edwards, 115 Pa. 211. But, even under his own view of the law, the offer should have been rejected, as it proposed to show by his testimony the agency of Haywood for Dager, and if this was provable by him, it could be shown only by what he learned from Dager. That part of the offer, therefore, would not have

Opinion of the Court.

been admissible, and one part being bad the whole should be rejected: Adams v. Edwards, supra.

2. The plaintiff being disqualified as a witness, his wife was so likewise: Bitner v. Boone, 128 Pa. 567. Moreover, the defendant, being a bona fide purchaser from Dager, could not be affected by the testimony which was offered to impeach the certificate of acknowledgment: Heeter v. Glasgow, 79 Pa. 79; Cressona Ass'n v. Sowers, 134 Pa. 354; Miller v. Wentworth, 82 Pa. 280; and the question whether the $1,000 consideration money, or any other sum, was paid to the plaintiff by Haywood for Dager, is entirely immaterial in this case.

OPINION, MR. JUSTICE CLARK:

The lot of ground in dispute is situated in West Conshohocken, in the county of Montgomery. It is one of two lots, Nos. 121 and 122, in a plot of lots laid out by one William Davis, Sr., conveyed by William Davis, Sr., to Nicholas F. Dager, by his deed dated April 6, 1871, and this is admitted to be the common source of title.

The plaintiff gave in evidence a deed from Nicholas F. Dager and Elizabeth, his wife, dated March 11, 1874, describing and conveying both said lots to James Sutherland; consideration, $1,350. The defendant thereupon gave in evidence the record of a deed dated February 14, 1877, from James Sutherland and Agnes, his wife, re-conveying the particular lot and premises in dispute to Nicholas F. Dager; consideration $1,000; and also a deed dated April 3, 1887, from Nicholas F. Dager and wife to William Ross; consideration, $1,400.

The plaintiff, James Sutherland, then took the witness-stand, and it was proposed to prove by him that the deed from Sutherland and wife to Dager, dated February 14, 1877, was a forgery. Having been sworn on his voir dire, it appeared that Nicholas F. Dager, the grantee in the deed, was dead, and objection was made to the competency of Sutherland to testify to any matter occurring before the death of Dager. The objection was sustained, and the witness held to be incompetent.

The plaintiff thereupon called Mrs. Mary Powell, one of the subscribing witnesses to the deed, who testified that Nicholas F. Dager was not present at the execution and acknowledg-

Opinion of the Court.

ment of the instrument of writing which she witnessed; that William Haywood, the other subscribing witness, and the justice of the peace before whom the deed purports to have been acknowledged, was present, but that the entire transaction occurred in the absence of Dager, the grantee therein. The offer was then renewed with some modification. The plaintiff's counsel offered to prove by Sutherland, the plaintiff, not that a forgery was committed by Dager, but that Dager employed William Haywood, the justice of the peace, as his agent, on February 14, 1877, to prepare and obtain from James Sutherland and his wife a conveyance of the premises in dispute, in consideration of the payment of $1,000; and, whilst in that employment, the agent, Haywood, prepared or had prepared the deed dated February 14, 1877, purporting to be signed by James Sutherland and his wife, and witnessed by Mary Nugent and William Haywood, and purporting to be acknowledged before William Haywood, as a justice of the peace, and that no such deed was signed by the witness or his wife, or by Mary Nugent as witness, or acknowledged before William Haywood as a justice of the peace. Objection was also made to this offer, to the same effect as before, which objection was sustained, and this is the first assignment of error.

The contention of the appellant is that, as Dager, the grantee in the deed, was not present at the alleged execution of the deed, but was represented by an agent, who is alive and competent to testify as to the whole transaction, Sutherland, the surviving party, may testify, although Dager is dead. In clause (*e*) of the fifth section of the act of May 23, 1887, it is provided in the plainest manner that where any party to a thing or contract in action is dead, and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither the surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of the deceased party, except in certain specified cases, shall be a competent witness to any matter occurring before his death.

The thing or contract in action, here, is the right or title to the premises in dispute under the deed of February 14, 1877, which is alleged to be a forgery and the record of which was in

evidence.   Nicholas F. Dager was a party to that deed, and
his right under it has by his own act passed to William Ross,
a party on the record, who represents his interest in the subject
in controversy; and it follows from the express words of the
statute that James Sutherland, who is the surviving or remain-
ing party to the deed, is not, in this case, competent to testify
to any matter occurring before the death of Dager, who is
deceased.

It is true that at the time of the execution of the deed, or at
the time of its alleged execution, Dager was not present.
This is conceded; but he was a party to the deed, and in priv-
ity of estate with the plaintiff; and, although the transaction
may have been conducted by Haywood in his absence, in his
interest, that, according to the terms of the statute, would not
render Sutherland competent as a witness to testify on that
subject after Dager's death.   Such was the construction finally
put upon similar language in the act of 1869.   After the pas-
sage of that act, the question arose whether the exclusion of
parties to the action was only as to transactions with the dece-
dent; and for a time, it must be conceded, the course of the de-
cisions upon that point was somewhat unsteady, but it was the
manifest purpose of the statute to close the mouth of him who is
adversary to the deceased assignor.   In Karns v. Tanner, 66
Pa. 297, the broad and general doctrine was thus stated by Mr.
Justice AGNEW: "The true spirit of the proviso, then, seems
to be that when a party to a thing or contract in action is dead,
and his rights have passed, either by his own act or by that of
the law, to another who represents his interest in the subject
of controversy, the surviving party to that subject shall not
testify to matters occurring in the lifetime of the adverse party
whose lips are now closed."   This statement of the law was fol-
lowed in Watts v. Leidig, 29 Leg. Int. 293; Brady v. Reed, 87
Pa. 111; Hess v. Gourley, 89 Pa. 195; Ewing v. Ewing, 96
Pa. 381; Foster v. Collner, 107 Pa. 305; Adams v. Edwards,
115 Pa. 211.   We think this was the settled construction, at
the time of the passage of the act of May 23, 1887, which has
also been similarly construed in Duffield v. Hue, 129 Pa. 94,
and in Parry v. Parry, 130 Pa. 94.

As Sutherland was himself incompetent, not only under the
words and settled policy of the statute, but as a person " whose

Statement of Facts.

interest is adverse to the said right of the deceased," his wife was also incompetent for the same purpose. The identity of interest between husband and wife is such that, where one of them is incompetent to testify as a witness, the other is incompetent also: Bitner v. Boone, 128 Pa. 567.*

Judgment is affirmed.

---

*Observe, also, that the wife herself was a party to the deed, the grantee in which was dead:—REP.