# Rudolph *v.* Rudolph.

*Evidence—Competency of witness—Party dead—Clause E of section 5 of the Act of May* 23, 1887, *P. L.* 158—*Ejectment.*

In an action of ejectment where the plaintiff claims title under unrecorded articles of agreement with the former owner, dead at the time of the trial, under which articles all of the purchase money was paid, and the defendant claims under a subsequent recorded deed from the same owner, containing a clause of general warranty, the plaintiff is not a competent witness to prove that the defendant had notice of the articles of agreement prior to the execution of the deed to him. In such a case the interest of the plaintiff is adverse to the right of the deceased, inasmuch as the latter's estate is liable under the general warranty in the deed, if the defendant's title fails.

Argued May 8, 1901. Appeal, No. 76, April T., 1901; by plaintiff, from judgment of C. P. Jefferson Co., Sept. T., 1893, No. 425, on verdict for defendant in case of Sarah Ellen Rudolph *v.* Jacob G. Rudolph. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for land in Henderson township. Before REED, J.

At the trial it appeared that in 1878, A. M. McClure, by articles of agreement, sold his interest in the land in controversy to plaintiff. In 1880, he conveyed by a general warranty deed a portion of the same land to defendant.

Plaintiff's counsel proposed to prove by Sarah Ellen Rudolph, the plaintiff in this action, that immediately on making the article of agreement she went into possession of the land in controversy and remained there in possession for about two years or more, and further, to prove, that in a conversation between the witness on the stand and the defendant in the case, the defendant was distinctly notified by the existence of this article of agreement, prior to the time of his alleged purchase of this land. That is all we offer to prove by the witness.

Defendant's counsel objected to the offer as incompetent; that Mr. McClure being dead the witness on the stand cannot testify to the facts alleged, that she is not a competent witness on account of the death of Mr. McClure.

The Court: The objection is sustained and bill of exceptions noted to the plaintiff. [1]

Plaintiff's counsel then offered to prove by Sarah Ellen Rudolph, the plaintiff, that she had a conversation with this man, the defendant, while she was in possession of the land, that she stated to him she was in possession of the land, in pursuance of an article of agreement that she held for it from A. M. McClure, and that that conversation took place about 1880.

The defense objected to the offer the same as before.

The Court: We understand this is included in our former ruling.  The objection is sustained, testimony excluded and exception noted to the plaintiff. [2]

The court refused binding instruction for plaintiff. [3]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.   (3) Above instruction, quoting it.

A. L. Cole, with him for *H. A. Moore*, for appellant.—Plaintiff was a competent witness: Karns v. Tanner, 66 Pa. 299; Duffield v. Hue, 129 Pa. 94; Brown v. Carey, 149 Pa. 134; Jack v. Kintz, 177 Pa. 571.

A. J. Truitt, with him *W. E. Stewart*, for appellee.—Plaintiff's interest was adverse, and she was an incompetent witness: Baldwin v. Stier, 191 Pa. 432; Matthews v. Matthews, 11 Pa. Superior Ct. 381; Van Horne v. Clark, 126 Pa. 411; Parry v. Parry, 130 Pa. 94; Rine v. Hall, 187 Pa. 264; Sutherland v. Ross, 140 Pa. 379, Brown v. Carey, 149 Pa. 134.

OPINION BY ORLADY, J., July 25, 1901:

The plaintiff and defendant claimed title to twenty-five acres of land through a common grantor.  By an agreement in writing, dated February 21, 1878, and signed by both parties, "the said A. M. McClure covenants and agrees to sell, deed and convey by good and sufficient title to Sarah Ellen Rudolph all of his right, title, interest and claim of, in and to " thirty-seven acres of land for $244.   All of the purchase money was paid to McClure and was receipted for by him on the written agreement, the last payment "in full of this article" being dated June 12, 1880.  This article of agreement was not recorded.  On August 15, 1881, A. M. McClure executed and

delivered to Jacob G. Rudolph a deed for twenty-five acres, a part of the same land, which contained a clause of general warranty, and he received for it the consideration in full mentioned therein. This deed was recorded in the proper office on May 18, 1886. A. M. McClure died on November 23, 1896.

On August 24, 1893, the plaintiff brought this action of ejectment for the land in dispute and the case came on for trial on November 30, 1899, when the plaintiff was offered as a witness and proposed to prove by her own evidence, " that immediately on making the article of agreement and pursuant thereto she went into possession of the land in controversy and remained in possession, for about two years or more and, further, that in a conversation between her and the defendant in 1880, the latter was distinctly notified of the existence of the article of agreement." The defendant objected for the reason that, A. M. McClure being dead, the witness was incompetent. The objection was sustained and the evidence excluded, which action of the court below is made the subject of the first and second assignments of error.

The sole question raised by this appeal is the competency of the plaintiff to testify to the alleged conversation with the defendant in 1880 prior to his purchase of the land from their common grantor who had died prior to the trial. The consideration of the agreement and of the deed had been paid in full by each purchaser, and the party failing to secure full title to the land would have a right of action against the estate of the decedent, the plaintiff, because the decedent refused to " deed and convey to her by good and sufficient title " under the agreement of February 21, 1878, and the defendant, under the clause of general warranty of the deed of August 15, 1881.

The thing in controversy in this action is the plaintiff's right to the possession of the land described in the præcipe under the article of agreement with A. M. McClure. This right is denied through the deed of McClure to the defendant. Both plaintiff and defendant were surviving or remaining parties to the thing or contract under which each severally claimed title. By clause (*e*) of section 5 of the Act of May 23, 1887, P. L. 158, it is declared : " Nor where any party to a thing or contract in action is dead . . . . and his right thereto or therein has passed . . . . to a party on the record, who represents his interest in the

subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the right of such deceased . . . . party, be a competent witness to any matter occurring before the death of said party."

As stated in Sutherland v. Ross, 140 Pa. 379, "after the passage of the Act of April 15, 1869, P. L. 30, the question arose whether the exclusion of the parties to an action was only as to transactions with the decedent; and for a time, it must be conceded, the course of decisions on that point was somewhat unsteady, but it was the manifest purpose of the statute to close the mouth of him who was adversary to the deceased assignor. In Karns v. Tanner, 66 Pa. 297, the broad and general doctrine was thus stated by Mr. Justice AGNEW : The true spirit of the proviso then seems to be that when a party to a thing or contract in action is dead and his rights have passed, either by his own act or that of the law, to another who represents his interest in the subject of controversy, the surviving party to that subject shall not testify to matters occurring in the lifetime of the adverse party whose lips are now closed. This statement of the law was followed in Watts v. Leidig, 29 Legal Int. 293, Brady v. Reed, 87 Pa. 111, Hess v. Gourley, 89 Pa. 195, Ewing v. Ewing, 96 Pa. 381, Foster v. Collner, 107 Pa. 305, and Adams v. Edwards, 115 Pa. 211. We think this was the settled construction at the time of the passage of the act of May 23, 1887, which has also been similarly construed in Duffield v. Hue, 129 Pa. 94, and in Parry v. Parry, 130 Pa. 94." All of which is affirmed in the report of the last cited case in 160 Pa. 29.

As before stated, the right of A. M. McClure to make the deed to the defendant is the foundation of the controversy. Against that right, and in her own favor, the plaintiff proposes to testify, notwithstanding the death of the party to the contract and the closing of his lips as a witness. If she can be a witness to defeat that right and thereby acquire for herself the property upon which the right was exercised, when the person exercising the right is dead, she can establish in herself an interest adverse to the right of the grantor. The act contemplates and provides for the case where the party to a thing or contract in action is dead and "his right thereto or therein has

passed " to another who is a party to the record : Baldwin .v. Stier, 191 Pa. 432. Similar illustrations are found in King v. Humphreys, 138 Pa. 310, and Crothers v. Crothers, 149 Pa. 201.

The deed of McClure to the defendant caused an adverse interest in the plaintiff to the estate of the decedent, in the event of the pending suit. The right to the subject in controversy passed to the plaintiff and the defendant by McClure's own act, and each represented his interest therein under the agreement and the deed. The transaction was not between the parties to the record, both of whom were living, but was between the deceased grantor and the record parties separately : Brothers v. Mitchell, 157 Pa. 484.

The apparent injury resulting from excluding the evidence is of the plaintiff's own making ; she did not place her agreement on record, and the jury has found that her possession of the premises did not continue so as to give notice to the defendant of her title, or to put him on inquiry. To permit a recovery in this action based upon her testimony would destroy the purpose of the statute which aims to preserve equality between the adverse parties ; that is, the preferred witness or the one benefited by the evidence on the one side, and the one adversely affected by it on the other. The plaintiff was incompetent as a person " whose interest is adverse to the said right of the deceased."

It was said in Darragh v. Stevenson, 183 Pa. 397 : " After some uncertainty on the point, it was said by the present chief justice in Dickson v. McGraw, 151 Pa. 98, that the disqualification depends not only on the fact of being a remaining party, but having an adverse interest, etc., and in Tarr v. Robinson, 158 Pa. 60, it was held that Dickson v. McGraw has settled the construction of the act of 1887, notwithstanding Duffield v. Hue, 129 Pa. 94, and some of the earlier cases." When the adverse interest to the right of the decedent is established, the witness is disqualified. The extent of the interest is not material; if it is in any degree adverse, it is sufficient under the statute to exclude the evidence.

The assignments of error are overruled and the judgment is affirmed.