## Bean's Estate.

*Decedents' estates—Contract—Implied contract—Family relation—Note—Undelivered note—Evidence.*

1. There is no implied contract to pay for services rendered to a decedent while the family relation exists between the parties.

2. No obligation arises by reason of an executed but undelivered note found in the possession of the maker thereof.

3. Unless some connection is shown between an undelivered note found in a decedent's possession, and an alleged liability of decedent to the payee named in the note, the note is not evidence of such liability.

4. Loose expressions of a decedent to the effect that the claimant had worked faithfully for him, conjoined with the fact that an undelivered note in the claimant's favor was found in decedent's possession, will not alone justify an award for services rendered.

Argued Feb. 10, 1919. Appeal, No. 78, Jan. T., 1919, by David H. Bean et al. from decree of O. C. Bucks Co., dismissing exceptions to auditor's report in Estate of Frank Bean, deceased. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Reversed.

Exceptions to report of Howard I. James, Esq., auditor.

The court confirmed the report.

*Error assigned* was decree confirming the auditor's report.

*Webster Grim,* with him *Harry E. Grim,* for appellant. —A gift of a chose in action without delivery is invalid, and the intention does not execute the gift: Trough's Est., 75 Pa. 115; Pringle v. Pringle, 59 Pa. 281.

Where family relationship exists claimant can only claim on proof of express contract: Lackey's Est., 181 Pa. 638.

The mere expression of gratitude for services rendered or of an intention to compensate therefor is not sufficient to prove a contract to pay for such service: Zimmerman v. Zimmerman, 129 Pa. 229.

*Thomas Ross,* with him *George Ross,* for appellee, cited: Gilmor's Estate, 158 Pa. 186.

OPINION BY MR. JUSTICE SIMPSON, March 10, 1919:

During the last illness of Frank Bean, the present decedent, his housekeeper saw upon his bureau a pocketbook and some keys belonging to him. With his consent she locked them in her trunk for safekeeping, stating that she would return them to him when he was all right. But he did not recover. On the day after the funeral she opened the pocketbook, found in it two promissory notes, one for $565, signed by Henry J. Frankenfield to the order of decedent, and endorsed by decedent, "This note is void after my death"; the other for $3,000 signed by decedent to the order of Laura Frankenfield, wife of Henry J. Frankenfield; and handed them to said parties. The pocketbook, the rest of its contents, and the keys, she gave to the administrator.

When the account of the administrator was filed, Laura Frankenfield presented a claim "on this note ......as a creditor," being the one for $3,000, proved decedent's signature and rested. The heirs at law then gave in evidence the above stated facts as to possession of the note, and that claimant, who was a niece of decedent's wife, lived with them as a member of their family, and rested. Claimant then proved that she went to live with decedent when she was six years old, was treated as one of the family, and continued to reside with him until she was twenty-three years of age, during which time she helped in the house and store, and on the farm. The auditor finds that "while she resided with the decedent, the claimant attended school, was treated as one of the members of the family, being clothed by decedent"; and "helped to wait on the store, did housework, waited on her aunt while she was ill, and even assisted in the farm work" as any member of his family would. The above is all the admissible evidence in the case; but even if we include that of Henry J. Frankenfield, husband of the claimant, despite his incompetency as a witness (Sutherland v. Ross, 140 Pa. 379; Reap v. Dougher, 261 Pa. 23), and the objection made on that ground; and

the evidence of conversations with decedent's wife, not
shown to have been made in his presence, and of course
not admissible to charge his estate, the only addition to
the foregoing will be that decedent said claimant had
worked faithfully, was a good girl and "will be provided
for."

The auditor further says: "If there was nothing more
to sustain this claim than the declarations of the dece-
dent that Laura would be well provided for, or other
loose expressions of like character, the evidence would
clearly not justify the allowance of the claim, but those
expressions, taken in conjunction with decedent's own
act in making the note, present a different question." The
auditor then asks a series of questions: (1) Why should
decedent have cancelled the husband's note and retained
this one, "unless he intended that this note to the claim-
ant should represent his acknowledgment of his indebt-
edness to her for her services?" (2) Why should he
write it "if he did not intend to give the payee of the
note an obligation which she could collect?" (3)
If he did not intend this note as an acknowledgment
"why would he have permitted the pocketbook contain-
ing this note to pass into the possession of Mrs. Krial
and be taken charge of by her during his illness?" Deem-
ing those questions unanswerable, and apparently not
recognizing the vital distinction between an unexecuted
intention and one that is executed, he allowed the claim
because of the cases hereinafter considered. The court
below stating the same facts, and reviewing the same
cases, approved the auditor's conclusion, decreed accord-
ingly, and this appeal by decedent's heirs and next of
kin followed.

As the family relation existed between claimant and
decedent, there is no presumption of a liability to pay
for her services: Amey's App., 49 Pa. 126; whether they
were rendered in household or business affairs: Barhite's
App., 126 Pa. 404; and no recovery can be had therefor
except upon clear and satisfactory evidence of an express

promise to pay: Neel's Adm. v. Neel, 59 Pa. 347. In the present case there is no evidence of an express promise; and hence we start with the fact that her claim of an "indebtedness to her for her years of faithful service," has no legal basis upon which to rest. True, decedent could recognize a moral claim, but his recognition thereof is of no moment unless accompanied by evidence of an express promise to pay: Neel's Adm. v. Neel, supra. In the present case there is no evidence of such promise, except as attempted to be derived from the undelivered note, which would not become a promise until delivered. The auditor and court below correctly decide that the "loose expressions" in the evidence "would clearly not justify the claim," yet they conclude that "loose expressions," which do not justify the claim, conjoined with an undelivered note, which also does not justify it, together make the claim good, though no connection is shown between the services, the "loose expressions" and the note. Necessarily this is error. Had decedent referred to the note in connection with the services, or even had he said he intended to recompense claimant for her services, something might be said in support of the claim; but the evidence is barren of anything in regard thereto. For all that appears the note may have been delivered, paid and returned, or may have been an intended but unexecuted gift; and certain it is the "loose expressions" testified to were more compatible with an intention to recompense by will, than by a promissory note, and were wholly valueless for any purpose: Walls's App., 111 Pa. 460; Ulrich v. Arnold, 120 Pa. 170; Miller's Est., 136 Pa. 239, 249.

The cases relied upon by the claimant, the auditor and the court below, do not support the right to recover. In Toner v. Taggart, 5 Binney 490, the note was found among Toner's papers after his death, but the money out of which it was paid was in Taggart's possession, delivered to him by Toner who refused to take any obligation therefor, though he was studiously careful so to

do in all other transactions between them. The court found as a fact that Toner in his lifetime "alluded to that paper as an act done in favor of Taggart," and counsel for the heirs and next of kin admitted if that was so the claim would be valid. In Fanny Miller's Est., 16 Lanc. Law Rev. 3, claim was made upon three sealed notes, which the auditor found were executed and delivered in escrow by decedent in her lifetime, to be delivered to the parties interested after her death, in payment of services rendered; that course being taken because she was advised she could not make a will in favor of claimants, who were not related to her, but could pay them after her death by giving the notes, and hence she pursued that course. Moreover, the only objections there made to the allowance of the claim on the notes, was because of an alleged want of consideration therefor, and because the consideration, if there was any, was so inadequate as to taint the transaction with fraud. In Henry Miller's Est., 53 Pitts. L. J. (o. s.) 321, by agreement between claimant and decedent the latter had taken title to a property in which the former was interested, and on which she had paid considerable money, he agreeing to compensate her for her interest, and when asked if he had made out the note for the amount due her, he said not, but he would do so that day. She lived with him and the note was found in his possession. The auditor found he was indebted to her on the purchase of the property in the amount of the note, and allowed the claim. In Gilmor's Est., 158 Pa. 186, claim was made upon a series of notes in claimant's favor, and found in decedent's possession, with endorsements in decedent's handwriting, on the envelopes containing them, that they belonged to claimant and were given for money he owed her. So far as she proved, aside from the notes themselves, that decedent was indebted to her, the claim was allowed, but there was no recovery beyond that. It is clear, therefore, none of the above cases lends any aid to the claim in the present case.

The decree of the court below is reversed, appellee's claim is disallowed, and the record remitted that distribution may be made to those entitled thereto. Costs to be paid by the estate.