# Walbridge *v.* Little, Admr., Appellant.

*Decedents' estates — Compensation for services — Trusts and rustees—Deed of trust—Assumpsit for services under deed of trust.*

1. A trustee in a deed of trust cannot recover in an action of assumpsit based on the deed, for personal services rendered to the

grantor in his lifetime, where it appears that the grantor was of grossly intemperate habits, that the deed was for the management of the grantor's estate and for his proper care and support, that no compensation was provided for in the deed for the services in question, that the trustee never acted in any way under the deed, and that there was no proof whatever of the value of such services.

2. In such case, an undelivered note payable to plaintiff, found in decedent's possession, is not evidence of liability for the services, where no connection is shown between the note and the alleged liability of decedent to the payee.

Argued March 14, 1921. Appeal, No. 181, Jan. T., 1921, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1915, No. 232, on verdict for plaintiff, in case of James W. Walbridge v. William Little, Admr. c. t. a. of estate of Daniel G. Bailey, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for services. Before MAXWELL, P. J.

The statement of claim is as follows:

"The plaintiff in this suit complains of the defendant in this suit who has been summoned to answer the plaintiff in a plea of assumpsit.

"For that whereas the said defendant heretofore, to wit, on the 20th day of June, A. D. 1888, by writing signed, sealed and delivered, a correct copy of said writing being hereto attached and made a part of this statement, employed the plaintiff to render to and for him the services set forth and described in said contract:

"That pursuant to and in according with its terms and conditions of said contract the plaintiff began immediately to serve the defendant by acting with the defendant in the management of all the defendant's business and caring for the defendant personally:

"That the plaintiff was continuously so employed by the defendant in taking care of his person and estate from the date of the contract, to wit, June 22, 1888, till Nov., 1913, when the defendant died:

"That the defendant always promised the plaintiff should be well paid for his services, that the plaintiff should be well remembered and taken care of:

"That relying on these promises and the contract, the plaintiff continued to serve the defendant faithfully receiving nothing for the services:

"That at different times and places the defendant told the plaintiff that he, the defendant, had made provision for him, the plaintiff, so that in case of his, the defendant's death, the plaintiff would be liberally rewarded:

"That on the 8th day of August, 1912, the defendant drew his note, a copy of which is attached and made part of this statement, placed it in an envelope with his last will and the same was delivered to the plaintiff after the death of the defendant:

"That the defendant frequently informed the plaintiff and others that he had drawn a note and left it for the plaintiff:

"That the plaintiff and defendant talked over their business affairs and the defendant agreed that the balance due the plaintiff was ten thousand dollars and drew and signed and sealed the note and left the same with his will as a settlement.

"The plaintiff brings this action to recover the value of his wages for the time above set forth, under the conditions set forth, which he claims now to be twelve thousand dollars, to recover which he brings this suit."

The deed of trust was as follows:

"This indenture made this 20th day of June A. D. 1888, between Daniel G. Bailey of Towanda Boro., Bradford County, Pa., of the one part and James W. Walbridge of same place of the second part, Witnesseth:

"That for and in consideration of the sum of one dollar to him in hand paid by the said party [of the second part] said party of the first part does hereby grant, bargain, sell, assign, transfer set over to the said James W. Walbridge, his heirs and assigns, all the property and estate, both real and personal and wheresoever situated, of

the said D. G. Bailey, to have and to hold to him the said grantee his heirs and assigns, upon the following terms and conditions, to wit: to use, occupy, invest, reinvest, lease and manage the same profitably as possible, having due regard to the safety and best interests of the same, and to pay and expend the income and principal, so far as may be necessary, less reasonable expense charges and expenses that may occur in so caring for and managing said estate for the due and proper care and support and maintenance of him the said D. G. Bailey so long as he may live and after the death of the said Bailey to pay and transfer to such person or persons and in such manner as the said Bailey may direct by his last will and testament, the balance of said estate remaining in the hands of said Walbridge.

"The said Walbridge to have an inventory of said estate made forthwith and at all times when requested to do so by the said Bailey to furnish him with detailed statements pertaining thereto.

"And the said Walbridge hereby accepts this transfer of said estate for the purpose of executing the use and trusts herein set forth.

"In witness whereof the parties have hereunto set their hands and seals the day and year above written.

"[Signed] D. G. Bailey. [Seal]"

The note was as follows:

"$10,000.          Towanda, Pa., Aug. 8th, 1912.

"One year after date for value received I promise to pay to the order of James W. Walbridge the sum of ten thousand dollars and without defalcation stay of execution, right of appeals, errors, inquisition and all exemption laws prior to date. And I hereby confess judgment for the above sum interest and costs. Witness my hand and seal.

"D. G. Bailey [Seal]"

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,520 based on the deed of trust. Defendant appealed.

1921.]    Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was (1) refusal of binding instructions for defendant.

*J. Roy Lilly* and *Chas. M. Culver,* with them *William P. Wilson,* for appellant.—A trustee is entitled to compensation only out of property in his name belonging to the estate.

Compensation will be denied a trustee, who fails, without sufficient reason, to file his accounts as required by law: Hanna v. Clark, 204 Pa. 145.

There was an entire absence of evidence from which the jury could find the value of the plaintiff's services: Porter v. Nelson, 121 Pa. 628; McKown's Est., 198 Pa. 102.

*John C. Ingham,* for appellee.—In order to understand what the parties really meant by this contract, the purpose they had in mind, the construction they put upon it, there should be considered the situation, circumstances and surroundings of Bailey at the time: Ruth-Hastings Co. v. Slattery, 266 Pa. 288, 291; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; Myer's Est., 238 Pa. 195, 211.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1921:

Daniel G. Bailey, a man of grossly intemperate habits, had been found to be an habitual drunkard, and a committee was appointed for him; the committee, however, had been discharged and his property returned to him about a year before the date of the paper which appears in the Reporter's summary, and which will be referred to herein as a deed of trust. Between its date, June 20, 1888, and Bailey's death in November, 1913, so far as the testimony discloses, no one knew of the existence of this paper. Two years following his decease, plaintiff brought suit against Bailey's estate for services he claimed to have rendered during the period of twenty-five years between the date of the writing and Bailey's

death, basing his right to recover on the deed of trust, as will be seen by reference to the statement of claim, which also appears in the Reporter's summary.

The services which plaintiff claims to have rendered consisted in caring for the decedent when intoxicated and recovering from the effects of drink, and in aiding him to some extent in the care and management of his property. When sober, Bailey required no services from plaintiff; he was fully competent to care for himself and his possessions.

The trial judge submitted the case to the jury in a charge which permitted it to find liability by the decedent's estate for the value of the services either based on the deed of trust or independent of it. The jury found for plaintiff, and, specially—under the court's direction that the fact be ascertained—that the verdict was "based on the deed of trust."

The special finding was on the lines of the logic of the case, because the plaintiff had declared on the deed of trust. In view of this finding and plaintiff's statement of claim, it becomes important to examine and analyze the deed of trust, to determine whether any such claim as now made could be based on it. The paper was not acknowledged and, of course, not recorded; although it stipulates that it shall be signed by both parties, it was not executed by plaintiff. It grants, bargains, sells, assigns, transfers and sets over to Walbridge (plaintiff) all Bailey's property "upon the following terms and conditions: to use, occupy, invest, reinvest, lease and manage the same [as] profitably as possible......and to pay and expend the income and principal, so far as may be necessary, less reasonable expense charges and expenses that may occur in so caring for and managing said estate, for the due and proper care and support and maintenance of him the said D. G. Bailey so long as he may live and after the death of the said Bailey to pay and transfer to such person or persons and in such manner as the said Bailey may direct by his last will and testament

the balance of said estate remaining in the hands of said Walbridge."

Plaintiff did nothing under the trust, collected no income, made no expenditures, indeed did not act under it at all. He now sets up that the parties to the deed, he and Bailey, treated it as a contract of employment or power of attorney, and contends that it should be so construed; but the difficulty in the way of this construction is that it is neither of these things, and no court could properly so hold it. How such a writing can form the basis of recovery for personal services in an action of assumpsit against a decedent's estate, we are at a loss to understand; yet on this paper, the plaintiff bases his case, as an examination of his statement will show. Liability is laid in the statement not upon an implied promise to pay for the value of services rendered, but it is set forth therein that, by the deed of trust, decedent "employed plaintiff to render to and for him the services set forth and described in said contract." No such services as those claimed to have been rendered were set forth in the deed of trust nor does it "employ" the plaintiff to do anything. It creates him a trustee, in which capacity it is admitted he never acted. During all the time, from the execution of the deed until his death, Bailey retained complete dominion over, title to and management of all he possessed. The statement further avers plaintiff, acting under this "contract," took care of the person and estate of the decedent from its date until his death, that decedent promised plaintiff should be well paid for his services and that, relying on these promises and the "contract," plaintiff continued to serve decedent. The jury by its special finding based its verdict on the deed of trust. It is too manifest for dispute that such a claim as that here made,—for personal services rendered to the decedent,—could not arise out of the deed of trust, and, therefore, plaintiff's cause of action as pleaded fails.

The court, as before stated, instructed the jury to find, if they decided in plaintiff's favor, whether the amount was due under the deed of trust or independent of it. Even should it be conceded that there could be a recovery under the statement of claim, for the value of services rendered, there was no proof of their value. It is true the court permitted a note drawn to plaintiff's order for $10,000, signed by Bailey, which was found after the latter's death among decedent's papers in an envelope with his will, to be offered in evidence and considered by the jury "as evidence of debt"; and a witness, called by plaintiff, testified that Bailey, six months before his death, took an envelope from his desk and exhibited it to him, saying that, when he was gone, plaintiff would be well taken care of. This witness, however, did not see the note, could not identify the envelope, and could in no way connect the note offered in evidence with what he saw or heard during the alleged interview; moreover, there was no evidence to establish that the envelope shown the witness was the one which contained the note and will. Under these circumstances, the note which was past due at the time of Bailey's death, was not evidence of any liability by him to plaintiff. Unless some connection is shown between an undelivered note found in a decedent's possession, and an alleged liability of decedent to the payee named in the note, the note is not evidence of such liability: Bean's Est., 264 Pa. 131.

The claim of plaintiff could not depend for its validity on the deed of trust, and, even conceding the right to recover, under the statement, irrespective of such deed, since there was no evidence of the value of the services rendered, the jury could not be permitted to surmise their worth. In either aspect of the case, the court should have affirmed defendant's point for binding instructions.

The judgment is reversed.