## Ryan v. Gage.

*Evidence—Witness—Competency of witness—Party dead—Husband and wife—Exchange of lands—Act of May 23, 1887.*

1. In an action of ejectment, where the common source of title is plaintiff's deceased grantor, and the defendant claims that the land in controversy, devised to her by her husband, had been exchanged by such grantor under a parol agreement for a strip of land belonging to her husband, and the exchange had been evidenced by the moving back of a fence, the defendant is an incompetent witness under clause (e), section 5 of the Act of May 23, 1887, P. L. 158, to testify as to the fact of such exchange and the removal of the fence.

2. When a husband is incompetent as a surviving party to a contract, his wife is also incompetent, and she is not made competent by her husband's death.

Rule for new trial. C. P. Crawford Co., Feb. T., 1917, No. 126.

*Albert L. Thomas*, for plaintiff; *Frank J. Thomas*, for defendant.

PRATHER, P. J., July 18, 1921.—In the lifetime of James G. Rhodes and James Gage, they owned adjacent farms. Plaintiff, having purchased the farm owned by Rhodes, brought this action of ejectment to recover a certain triangular piece of land, containing perhaps less than fifteen square rods, formerly a part of the Rhodes farm, claimed by and in possession of James Gage. Prior to the bringing of this action, James G. Rhodes died, and subsequent thereto James Gage died, testate, devising all his real estate to his widow, Eliza Gage, who by substitution is now defendant.

The common source of title is James G. Rhodes, and plaintiff is claiming as grantee of the Rhodes title.

The defence is of a dual nature:

1. That the land in question is claimed by adverse possession under the statute of limitations.

2. That by parol purchase and occupancy, the consideration being a narrow strip of land along the line other than that in dispute, given by Gage to Rhodes as a consideration for the triangular piece in controversy, the actual delivery of which consideration, defendant alleged, was evidenced by moving back upon the land of Gage the line fence about two feet.

The defendant, evidently not satisfied with her defence of adverse possession, offered proofs in support of her second defence. In this line of defence Mrs. Gage was permitted to testify, over the objection of plaintiff's counsel as to her competency, that she visited the scene of the line fence when it was in

process of construction, after said agreement was made, and observed that it was changed from its original position and set back some two feet upon her husband's land. The verdict was for defendant.

The admission of this testimony is now urged as error in support of the motion for a new trial.

Clause (e) of section 5 of the Act of May 23, 1887, P. L. 158, provides: "Nor, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased or lunatic party, be a competent witness to any matter occurring before the death of said party," etc.

This action, as brought, was against James Gage. Under all the authorities, it is clear that, had this case proceeded to trial during his life, neither he nor his wife would have been a competent witness under the law applicable to a survivor to a contract in dispute. It is equally clear that when a husband is incompetent as a surviving party to a contract, his wife is also incompetent.

As to these propositions, no discussion is necessary. See Hess v. Gourley, 89 Pa. 195; Brady v. Reed et al., 87 Pa. 111; Reiter v. McJunkin, 8 Pa. Superior Ct. 164; s. c., 194 Pa. 301; Bitner v. Boone, 128 Pa. 567; Reap v. Dougher, 261 Pa. 27; Burke v. Burke, 240 Pa. 379.

Can it be urged that James Gage was a competent witness to prove the fact that he moved the line fence back two feet, thereby giving this much land to Rhodes, merely because this fact did not constitute a narration of his bargain with Rhodes? The inquiry furnishes the answer. This act was a delivery of the consideration—a payment of what stood for the purchase money; the sine qua non, there was no bargain and no consideration.

Concededly, his incompetency to testify attached to Eliza Gage, his wife. Does the death of James Gage remove her incompetency, either as a wife or "other person whose interest shall be adverse to the . . . right of such (other) deceased . . . party?" If so, then defendant's case, so far as proofs are concerned, has been made stronger and freer from difficulty by the death of defendant.

Let us assume all the facts relating to this proposition as they are, except the assumption, contrary to fact, that James Gage is alive at the time of the trial, and that he is unable to prove by any person other than himself and his wife the delivery of the strip of land that stands for the purchase money for the triangle now in dispute. Then plaintiff's paper title, including this triangle, would prevail, as neither Gage nor his wife could be heard to speak against the Rhodes title.

Excluding the contrary to fact assumption that James Gage was living at the time of the trial, and reciting the facts, we have:

The allegation that James Gage in his lifetime purchased from James Rhodes by parol the triangular piece of land in controversy, giving as a consideration therefor a certain other piece of land. And we have the further facts that:

Plaintiff succeeded by purchase to the Rhodes title; Eliza Gage, defendant, succeeded to the title of James Gage as devisee. Both James Rhodes and James Gage were deceased prior to the trial of this action in ejectment.

The rights of James Rhodes and James Gage have passed to plaintiff and defendant respectively. Their adverse interests have their source in, and flow from, this alleged parol purchase.

1 D. & C.

To hold Eliza Gage a competent witness to testify to anything that would vitalize this alleged contract, to wit, the delivery of the land as the consideration stipulated, is in effect to hold that James Gage, as a surviving party to this contract, would have been a competent witness to prove its terms. To sustain the competency of his widow and devisee of the land in controversy is to say that James Gage, living, could not interpose a syllable of testimony in support of his title, either through himself or his wife, Eliza Gage, but, being dead, he can now speak through his wife and devisee.

It cannot be that when a party in life is incompetent under the law to testify, and unable to produce proof of a fact in issue, his death will restore probative life to his case and capacity, to otherwise incompetent witnesses, to testify in support of the controverted fact.

We are convinced that the testimony of Eliza Gage in support of this contract was erroneously admitted. It follows that the rule for a new trial should be made absolute.

We regret the necessity for granting a new trial to determine the title to a piece of land so inconsiderably small in area and possessing little more than imaginary value.

Now, July 18, 1921, rule for new trial absolute.

From Otto Kohler, Meadville, Pa.